1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KEVIN DUVALLE BLACK,

Plaintiff,

v.

BRIAN WILLIAMS, et al.,

Defendants.

Case No. 2:11-CV-00212-APG-CWH

ORDER

Defendants Canute Brown and Francisco Sanchez request that I grant summary judgment in their favor on Plaintiff Kevin Duvalle Black's Eighth Amendment claims for excessive force against Brown and deliberate indifference to medical needs against Sanchez. Black did not respond to Defendants' Motion for Summary Judgment.

Because no evidence before me raises a genuine issue of material fact as to these claims, and Defendants are entitled to judgment as a matter of law, I will grant Defendants' motion. However, Black's First Amendment claim against Brown remains pending, as the Screening Order allowed Black to proceed with a First Amendment claim against Brown, and Brown has not moved for summary judgment on that claim. The parties shall appear at a hearing on **Thursday, September 25, 2014, at 9:00 a.m.** to discuss the status of this claim.

**I. BACKGROUND**

Black was incarcerated from December 23, 2008 to September 23, 2011, and housed at Southern Desert Correctional Center ("SDCC"). (Dkt. #12 at 1; Dkt. #52-1, Ex. A.) Brown is a correctional officer and Sanchez is a physician at SDCC. (Dkt. #12 at 1-2.) Black filed a Complaint (Dkt. #7) in this Court alleging, among other things, that on September 30, 2010, Brown denied Black's previously approved request to go to religious services, and then used excessive force against Black when Black requested a grievance form. Black also alleges Sanchez was deliberately indifferent to Black's medical needs arising from the incident with Brown. Judge Dawson screened the Complaint and dismissed all claims except Black's First and

1  Eighth Amendment claims against Brown, and Black's Eighth Amendment claim against

2  Sanchez. (Dkt. #6.)

3      During discovery, Defendants sent Black Requests for Admissions, to which Black did

4  not respond. (Dkt. #52-2, Ex. D.)  Defendants requested Black respond to the Requests for

5  Admissions a second time, but Black did not reply. (Dkt. #52-2, Ex. F.)  Pursuant to Federal

6  Rule of Procedure 36(a)(3) and (b), Black's failure to timely respond to the Requests for

7  Admissions results in the following facts being conclusively established:

8      • Brown did not sweep Black's feet out from under Black, slam Black against a door, or

9  throw Black on the ground during the September 30, 2010 incident;

10      • Black did not suffer injuries as a result of the September 30, 2010 incident; and

11      • Sanchez provided Black with adequate medical care.

12  (Dkt. #52-2, Ex. D.)

13  **II.  DISCUSSION**

14      The Federal Rules of Civil Procedure provide for summary adjudication when the

15  pleadings, depositions, answers to interrogatories, and admissions on file, together with the

16  affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is

17  entitled to judgment as a matter of law."[1]  Material facts are those that may affect the outcome of

18  the case.[2]  A dispute as to a material fact is genuine if there is sufficient evidence for a

19  reasonable jury to return a verdict for the nonmoving party.[3]  A principal purpose of summary

20  judgment is "to isolate and dispose of factually unsupported claims."[4]

21      In determining summary judgment, courts apply a burden-shifting analysis.  Where, as

22  here, the nonmoving party bears the burden of proving the claim, the moving party can meet its

23  initial burden of establishing the absence of a genuine issue of material fact in two ways: (1) by

24

25  _____

26  [1] Fed. R. Civ. P. 56(a).

27  [2] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

    [3] *See id.*

28  [4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial.[5] If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence.[6]

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists.[7] The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data.[8] Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial.[9]

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial.[10] The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor."[11] But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted.[12]

**A. Eighth Amendment Claim Against Brown**

When an Eighth Amendment claim is based on an allegation that a prison official used excessive physical force, the inquiry is (1) whether the alleged force was actually used, and (2) whether the force was applied in "a good-faith effort to maintain or restore discipline," or

---

[5] *See Celotex*, 477 U.S. at 323–24.

[6] *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

[7] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

[8] *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

[9] *See Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001).

[10] *See Anderson*, 477 U.S. at 249.

[11] *Id.* at 255.

[12] *See id.* at 249–50.

instead, "maliciously and sadistically."[13]   Defendants have met their initial burden by pointing

out that Black will not be able to establish that Brown used force against Black.   Because Black

failed to respond to the Requests for Admissions, Black is deemed to admit that Brown did not

sweep his feet out from under him, slam him into a door, or throw him on the ground.   Black has

made no effort to deny, withdraw, or amend these admissions.   Black does not point to evidence

that Brown used any other force on Black.

Additionally, Defendants have met their initial burden by pointing out there is no

evidence Brown acted with any intent other than to maintain or restore order.   Black does not

point to any evidence that would raise an issue of fact that Brown acted maliciously and

sadistically.   I am not required to comb the record looking for genuine issues of material fact that

Black has not brought to my attention.[14]   I therefore grant Defendants' Motion for Summary

Judgment on Black's Eighth Amendment excessive force claim against Brown.

### B.  Eighth Amendment Claim Against Sanchez

"The Eighth Amendment guarantees adequate medical care for inmates."[15]   To establish

an Eighth Amendment violation based on a failure to provide adequate medical care, the plaintiff

must show the official was deliberately indifferent to a serious medical need.[16]   A serious

medical need means that failure to treat the prisoner's condition "could result in further

significant injury or the unnecessary and wanton infliction of pain."[17]   An official is deliberately

indifferent if the official engaged in a purposeful act or failed to respond to the prisoner's pain or

medical need, and the indifference caused harm to the prisoner.[18]   "Indifference may appear

when prison officials deny, delay or intentionally interfere with medical treatment, or it may be

---

[13] *Wilkins v. Gaddy*, 559 U.S. 34, 40 (2010) (quotation omitted).

[14] *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1028-31 (9th Cir. 2001).

[15] *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996).

[16] *Lemire v. Cal. Dep't of Corr. & Rehab*, 726 F.3d 1062, 1081 (9th Cir. 2013).

[17] *Id.*

[18] *Id.*

shown in the way in which prison [officials] provide medical care."[19]   However, "[m]ere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."[20]   Moreover, "a difference of medical opinion as to the need to pursue one course of treatment over another [is] insufficient, as a matter of law, to establish deliberate indifference."[21]   Instead, the plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances," and that "they chose this course in conscious disregard of an excessive risk to [the] plaintiff's health."[22]

Defendants have met their initial burden by pointing out that Black cannot establish that his medical needs were sufficiently serious to constitute an Eighth Amendment violation. Because Black failed to respond to the Requests for Admissions, Black is deemed to admit he suffered no serious injuries as a result of the incident with Brown or from any related medical treatment, or lack thereof, by Sanchez.  Black has made no effort to deny, withdraw, or amend these admissions.

Additionally, Defendants have met their initial burden by pointing out that Black cannot establish Sanchez was deliberately indifferent to Black's medical needs.  Black is deemed to admit that Sanchez provided adequate medical care, and Black has not moved to deny, amend or withdraw this admission.  Further, the medical records reveal Sanchez saw Black on September 30, 2010, and Sanchez ordered x-rays of Black's shoulder, referred Black to an orthopedist, and provided Black with ibuprofen and a sling. (Dkt. #54-1, Ex. C at C8, C27.)  Black received follow up treatment on several occasions by Sanchez and other physicians, including x-rays and referral to an orthopedist, who concluded Black's shoulder would improve over time. (*Id.* at C2-7, C22-24, C39-48, C100-01.)  Black does not identify any evidence raising an issue of fact that

---

[19] *Id.* (quotation omitted).

[20] *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988); *see also Lemire*, 726 F.3d at1082 ("Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.").

[21] *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.1996) (internal quotation marks omitted).

[22] *Id.*

1   Sanchez's course of treatment was medically unacceptable under the circumstances, or that

2   Sanchez chose his course of treatment in conscious disregard of an excessive risk to Black's

3   health.   I therefore grant Defendants' Motion for Summary Judgment on Black's Eighth

4   Amendment deliberate indifference to medical needs claim against Sanchez.

5                **C. First Amendment Claim Against Brown**

6          Defendants erroneously state in their Motion for Summary Judgment that only the two

7   Eighth Amendment claims remained following the Screening Order.   But Judge Dawson ruled

8   that Black's First Amendment claim against Brown also may proceed. (Dkt. #6 at 4-5, 9.)

9   Defendants have not moved for summary judgment on the First Amendment claim, and it

10  therefore remains pending.   The parties shall appear on **Thursday, September 25, 2014, at 9:00**

11  **a.m.** in Courtroom 6C, in the United States District Court, District of Nevada, located at 333 S.

12  Las Vegas Blvd., Las Vegas, Nevada, 89101, to discuss whether Black intends to pursue the

13  remaining claim and, if so, whether the parties are ready for trial.   Failure of either party to

14  appear at the hearing may result in the dismissal of claims or defenses without further notice.

15  **III.  CONCLUSION**

16         IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment (Dkt.

17  #52) is hereby GRANTED.

18         IT IS FURTHER ORDERED that the parties shall appear on **Thursday, September 25,**

19  **2014, at 9:00 a.m.** in Courtroom 6C, in the United States District Court, District of Nevada,

20  located at 333 S. Las Vegas Blvd., Las Vegas, Nevada, 89101, to discuss the status of the

21  remaining First Amendment claim.

22

23         DATED this 12th day of September, 2014.

24

25         _____
           **ANDREW P. GORDON**
26         **UNITED STATES DISTRICT JUDGE**

27

28